East'n. District.
*June,* 1826.

TALLANT
vs.
THOMPSON &
MUSSELMAN.

An affidavit
made before the
mayor of Cin-
cinnati, does not
authorise an at-
tachment to is-
sue on it.

### TALLANT vs. THOMPSON & MUSSELMAN.

APPEAL from the court of the parish and city of New-Orleans.

PORTER, J., delivered the opinion of the court. This is an appeal from a decision, dissolving an attachment.

The writ was granted on a petition supported by two affidavits, one of the plaintiff in the suit; the other of his agent, and it is admitted that either taken singly, is insufficient to support the proceedings.

It has been objected that the oath of principal cannot be received, it not having been taken in the mode pointed out by the code of practice.

By the provisions of the 216th and 217th articles of the Code, it is required that in order to obtain this writ, the oath must be taken " either before any judge, or justice of the peace where the court is held, before which he sues, *or before the judge of any other place,* provided the signature of such judge be proved or duly authenticated. The affidavit, in this case, was made before the mayor of Cincinnati. *Code Practice,* 216, 217.

What were the reasons which induced the legislature to direct affidavits for attachments to be taken before judges alone, and not as formerly before any officer authorised to administer an oath, need not be inquired into. It is sufficient that they have so directed. It was evidently meant to exclude any others but judges from taking affidavits when made out of the jurisdiction of the court issuing the attachment. Because in the very line preceding this enactment, it is declared that any judge or justice of the peace of the place where the creditor sues, may take the oath from the creditor. The change of praseology when they come to speak of affidavits made abroad, evidently indicates a change of intention.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Christy* for the plaintiff, *Strawbridge* for the defendants.